NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL ANN CONFORTI, INDIVIDUALLY AND AS *ADMINISTRATRIX AD PROSEQUENDUM* OF THE ESTATE OF KENNETH CONFORTI AND AS PARENT, NATURAL GUARDIAN AND GUARDIAN *AD LITEM* OF A.C., A MINOR,<br><br>                            Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. *et al.*<br><br>                            Defendants. | Civil Action No. 12-cv-6592 (PGS)<br><br>**MEMORANDUM DECISION AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion for summary judgment in lieu of an answer filed by defendants Corporal Petrizzo, County of Ocean, Theodore J. Hutler, Ocean County Board of Chosen Freeholders, Ocean County Department of Corrections ("Ocean County Defendants" or "Defendants"). In addition to ruling on The Court *sua sponte* addresses the sufficiency of the Complaint under Rule 8.

The Complaint was filed by Carol Ann Conforti, individually and as *administrix pro sequendum* of the estate of Kenneth Conforti and as parent, natural guardian and guardian *ad litem* of A.C., a minor. The Complaint contains nine counts, three of which are related to the above-mentioned Defendants: Count Six alleges that Defendants are liable under 42 U.S.C. § 1983; Count Seven alleges that Defendants violated the New Jersey Civil Rights Act; and Count Eight alleges that Defendants were negligent. For the reasons stated below, the Court will dismiss the Complaint without prejudice, and the Defendants' motion for summary judgment is denied as moot.

1

## I. Facts[1]

Plaintiff's decedent, Kenneth Conforti, was arrested by the Brick Township police on September 8, 2010 for violating a restraining order, and was subsequently taken to the Ocean County Jail. (Com. ¶59). At approximately 1:40 a.m., Mr. Conforti was evaluated by Correctional Health Services (CHS) and/or Prison Health Services (PHS) personnel. (Com. ¶62). These individuals noted that Mr. Conforti had suffered from a prior back injury and that he was currently suffering from a drinking problem. (Com. ¶64). Mr. Conforti also underwent an "initial intake screening" in which Mr. Conforti denied having suicidal thoughts or general thoughts of harming himself. (Motion p.4).[2] In light of the facts uncovered during the intake screening, Mr. Conforti was admitted to the medical unit at the jail for alcohol addiction and observation on September 9, 2010. (Com. ¶65).

On September 10, 2010 Mr. Conforti was released from the medical unit and admitted to the general population of the prison. Upon release from the medical unit, the doctor ordered that he was to have an extra mattress, pain medication and was not to be assigned work or a top bunk. (Com. ¶¶66-67). He spent four days in the prison before being released on September 14, 2010.

Mr. Conforti was once again arrested on October 13, 2010 by Brick County police for burglary and was taken to the Ocean County Jail. (Com. ¶69). At the jail, Mr. Conforti again underwent an intake screening by CHS and/or PHS personnel where he again denied a history of mental health disorders, thoughts of suicide or hurting himself, or any history of suicide attempts. (Motion pp.12-13). Additionally, Mr. Conforti denied being diagnosed with major depression. *Id*. Mr. Conforti was released into the general population of the prison, however this time he did not receive any "doctor's order" with respect to any kind of medical treatment or

---

[1] The following facts are common to both Plaintiffs' Complaint and Defendants' motion for summary judgment. Any facts contained in the Complaint which are not addressed in Defendants' motion for summary judgment are accepted as true for the purposes of this decision and are not contained in this statement of facts.
[2] Defendants' motion for summary judgment in lieu of an answer.

2

special needs. (Comp. 72). Mr. Conforti submitted a request for medical treatment of his back on October 16, 2010 which was responded to by Kelly Clough, an employee of either CHS or PHS, on October 18, 2010. (Com. ¶74). Ms. Clough advised Mr. Conforti to take either Tylenol or Motrin. (Com. ¶74).

The Ocean County Department of Corrections had in effect, at all times relevant to Mr. Conforti's confinement, a Suicide Prevention Policy. This Policy was intended to provide guidance to Corrections Officers in identifying suicidal inmates in the jail, including inmates facing a "crisis situation" and inmates dealing with serious depression. (Com. ¶¶75-76). Partially pursuant to these policies, correction officers at the Ocean County jail would conduct health and welfare checks on inmates. (Com. ¶¶102-104). Despite these policies and systematic welfare checks, Mr. Conforti committed suicide by hanging himself in his cell on October 20, 2010. (Com. ¶¶109-117).

## II. Rule 8

The Court finds that this complaint is deficient under Federal Rule of Civil Procedure 8(a)(2). For example, Count Six, subtitled "42 U.S.C. Section 1983 – Deliberate Indifference", appears in the Complaint as follows:

> As described in the Complaint, [the Ocean County Defendants] were deliberately indifferent to the constitutional and federal statutory rights of Mr. Conforti. . . . This deliberate indifference of defendants . . . was a substantial factor that singly, or in combination with other causes, brought about plaintiffs' decedent's pain, suffering, disability, loss of enjoyment of life, emotional distress and other damages. . . . Therefore defendants . . . are liable for the damages which proximately resulted from their acts and omissions . . . .

(Com. ¶¶ 157-160).  Count Seven, subtitled "New Jersey Civil Rights Act", says:

> As described in this Complaint, [the Ocean County Defendants] deprived plaintiff's decedent of rights secured by the Constitution and laws of the State of New Jersey.  This depravation of rights . . . was a substantial factor that . . . brought about plaintiff's decedent's pain and suffering, disability, loss of enjoyment of life, emotional distress and other damages. . . . [and] caused the wrongful death of plaintiff's decedent . . . . Therefore [the Ocean County Defendants] . . . are liable for the damages which proximately resulted from their acts and omissions . . . .

3

(Com. ¶¶161-165).  Count Eight, subtitled, "Negligence", says:

> As described in this Complaint, [the Ocean County Defendants] were negligent.  This negligence of defendants . . . was a substantial factor that . . . brought about plaintiff's decedent's pain and suffering, disability, loss of enjoyment of life, emotional distress and other damages. . . .  [and] caused the wrongful death of plaintiff's decedent . . . .  Therefore defendants [the Ocean County Defendants] . . . are liable for the damages which proximately resulted from their acts and omissions . . . .

(Com. ¶¶166-170).

These three counts are overly broad and, most importantly, do not provide corresponding facts to substantiate the purported causes of action. Furthermore, Plaintiffs have failed to state with any particularity which causes of action relate to which defendants and how each defendant is liable based on the facts alleged.  In this respect, the Complaint fails to comply with Rule 8(a)(2).

A Court may dismiss a complaint *sua sponte* when the basis for doing so is apparent from the face of the complaint. *See, e.g., Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir.1997); *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002). A pleading must, under the Federal Rules of Civil Procedure, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, the complaint must have "sufficient factual matter, accepted as true," to find that the "claim of relief is plausible on its face." *Id*. at 1948-49. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Importantly, by its nature, notice pleading requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Thomas v. Independence Twp.*, 463 F.3d 285, 295 (3d Cir. 2006); *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 326 (3d Cir. 2012). With this in mind, it is crucial that a complaint

4

contain a factual basis with relation to each Defendant that clearly demonstrates a potential for liability, otherwise the defendant cannot be said to have "fair notice." *Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 603 (D.N.J. 2010). This Complaint relies in part on 42 U.S.C. §1983, alleging that Defendants were "deliberately indifferent" in relation to the statute. Plaintiff has failed to specify which Defendants this cause of action applies to and how. Instead Plaintiff broadly implicates all "County of Ocean Defendants" and fails to allege specific facts demonstrating a relationship to each respective cause of action, if any exists.

The statutory language and federal case law show that section 1983 provides a remedy only for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983; *Maine v. Thiboutot*, 448 U.S. 1, 7 (1984). Section 1983 is not a substantive source of rights; it only creates a cause of action for the violation of rights conferred elsewhere in federal law or the Constitution. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). As such, to bring a claim under §1983, a plaintiff must allege more than a mere violation of that statute, for that statute in itself is not a source of protection; instead the plaintiff must specify what right under the Constitution or federal law has been violated. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). When specifying what rights have been violated, the plaintiff must set forth specific conduct which is responsible for the alleged violation. *Hillard v. New Jersey Army Nat'l Guard*, 527 F. Supp. 405, 408 (D.N.J. 1981).

The Court (and Defendants) can only speculate as to what Constitutional violations have occurred, and which Defendants are responsible for such violations. For example, it appears that Plaintiff might have a tenable *Monell* claim against any defendants that are "governmental entities," however the factual basis for this claim is not clear. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (U.S. 1978). "[L]ocal government entities may be held liable in money damages for constitutional violations committed by their employees only if those actions implement 'official policy,' i.e., *respondeat superior* is not a basis for recovery from local government bodies."

5

*Three Rivers Cablevision, Inc. v. Pittsburgh*, 502 F. Supp. 1118, 1134 (W.D. Pa. 1980). Plaintiff has not provided this Court or Defendants with a factual basis to discern what governmental policies are at play in the case *sub judice*, nor has Plaintiff demonstrated how the policy or policies amounted to deliberate indifference, and what rights the policies were deliberately indifferent to.

     Because the Complaint is deficient in detailing the particulars with respect to the causes of action that it alleges, this matter is dismissed for failure to state a claim under Rule 8(a) without prejudice and with leave to file an amended complaint within 30 days. Because the Complaint lacks clarity, the Court declines at this point in time to analyze the issues raised by Defendants' motion for summary judgment in lieu of an answer. The motion is therefore denied without prejudice.

**ORDER**

IT IS on this 14th day of August, 2013;

ORDERED that the motion for summary judgment in lieu of an answer (ECF No. 3) is denied without prejudice; and it is further

ORDERED that the Complaint is dismissed without prejudice pursuant to Rule 8(a)(2); and it is further

ORDERED that Plaintiffs may amend the Complaint to cure the deficiencies identified in this opinion within thirty (30) days.


August 14, 2013                                              *s/Peter G. Sheridan*
                                                             PETER G. SHERIDAN, U.S.D.J.